UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQWAN JAUMAR TINSLEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 16-004627-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Raqwan Jaumar Tinsley ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income ("SSI"). The Court finds that the record, viewed as a whole, does not contain substantial evidence to support the Commissioner's decision, and remands the matter to the Commissioner for further proceedings.

In his social security appeal, Plaintiff contends that the Administrative Law Judge ("ALJ") erred in finding that he does not suffer from a severe mental impairment. Jt. Stip. at 4-11. While the ALJ determined that Plaintiff had the medically determinable impairment of psychotic disorder, the ALJ found that the

impairment was not severe. (AR 22-25.) The ALJ concluded that Plaintiff's mental condition was not severe because it would cause mild or no limitations in the four functional areas set out in the Listings, known as the "paragraph B" criteria: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. (*Id*. at 23.)

## II. DISCUSSION

At the second step of the five-step sequential evaluation process used in social security cases, *see* 20 CFR § 404.1520, the ALJ must determine whether the claimant has a "severe" impairment. If a claimant does not have a severe mental impairment, then he or she is not eligible for disability payments. 20 CFR § 404.1521a. Because the ALJ concluded that Plaintiff did not have a severe impairment, the ALJ proceeded no further in the sequential evaluation process.

The existence of a severe impairment is satisfied when the evidence shows that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. 20 CFR § 404.1521(a); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). At step two, the ALJ identifies a claimant's severe impairments, *i.e.*, impairments that significantly limit his or her ability to do basic work activities.[1] 20 C.F.R. § 404.1520(a)(4)(ii); *Smolen,* 80 F.3d at 1290. A determination that an impairment is not severe requires evaluation of medical findings describing the impairment, and an informed judgment as to its limiting effects on a claimant's ability to do basic work activities. Social Security Ruling ("SSR") 85–28, 1985 WL 56856, at *4 (Jan. 1, 1985).[2]

The ALJ must take into account subjective symptoms in assessing severity, *Smolen,* 80 F.3d at 1290, but "medical evidence alone is evaluated … to assess the effects of the impairment(s) on ability to do basic work activities." SSR 85-28 at

---

[1] Basic work activities are "the abilities and aptitudes necessary to do most jobs[.]" 20 C.F.R. § 404.1521(b).

[2] SSRs do not have the force of law, but a reviewing court generally accords them some deference. *Holohan v. Massanari,* 246 F.3d 1195, 1202 n.1 (9th Cir. 2001).

2

*4. An impairment or combination thereof may properly be found not severe if the clearly established objective medical evidence shows only slight abnormalities that minimally affect a claimant's ability to do basic work activities. *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005); *Smolen,* 80 F.3d at 1290. Finally, a diagnosis does not establish a severe impairment. *Febach v. Colvin*, 580 F. App'x 530, 531 (9th Cir. 2014).

The step two inquiry is meant to be "a *de minimis* screening device to dispose of groundless claims." *Smolen,* 80 F.3d at 1290 (citing *Bowen v. Yuckert,* 482 U.S. 137, 153–54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987)).

As noted in the ALJ's decision, a mental impairment is not severe if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild" and there have been no episodes of decompensation. 20 C.F.R. § 404.1520a(d).

In concluding that the ALJ erred, the Court is mindful that the regulations mandate the severity requirement is a de minimis threshold, intended to dispose of groundless claims. Here, Dr. Goldberg, a state agency medical consultant, opined that Plaintiff has moderate limitations in social functioning and maintaining concentration, persistence, or pace, which indicates a severe impairment. (AR 54.) The ALJ gave little weight to Dr. Goldberg's (the State agency's) opinion, which found a severe impairment, "because they are inconsistent with the record as a whole." (AR 25.) An ALJ is required to give specific and legitimate reasons as to why he gave less weight to Dr. Goldberg's opinion. *See Lester*, 81 F.3d at 830-31. When the entire record is viewed with Dr. Goldberg's findings included, the ALJ's decision cannot be based on substantial evidence.

In reaching this determination, the Court notes that other evidence in the administrative record exists to support Dr. Goldberg's opinion. First, while consultative psychological examiner Dr. Riahinejad noted that Plaintiff was malingering during his examination, nevertheless Dr. Riahinejad opined that

3

Plaintiff "could have significant difficulty understanding, remembering and carrying out complex and detailed instructions." (AR 294.) Additionally, Plaintiff's medical records from 2007 to 2010, during his incarceration, show treatment for hallucinations and psychiatric disorders over an extended period of time. (*See generally* AR 203-256.) The Commissioner argues that these records have no probative value in establishing disability because the records pre-date the alleged onset date of December 10, 2012. While these records may not be probative of the ultimate determination of disability, the Court does find that they are probative with respect to determining the severity of Plaintiff's impairment.

The error here was not harmless because the ALJ ended the five-step sequential evaluation process upon making his finding of no severe impairment, and thus the record does not indicate what a further sequential evaluation would yield. Accordingly, the matter is remanded to the Commissioner for completion of the sequential evaluation and any further development of the record as is necessary to facilitate that evaluation.

## III. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: May 31, 2017    

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

4